BAILES, Judge.
This matter is presently before us on a motion to dismiss the appeal of defendants-appellants, the Assumption Parish Police Jury and the individual members and officers thereof. After plaintiffs, Hospital Service District No. 1 of Assumption Parish, Louisiana, and its members, were granted a preliminary injunction enjoining the Police Jury from dissolving the Hospital Service District, defendants petitioned the Trial Court for a suspensive or, alternatively, a devolutive appeal. For reasons unnecessary to relate, the request was denied. Defendants then petitioned this Court praying that we grant them an appeal or issue a writ of mandamus ordering the Trial Court to grant an appeal from the judgment issuing the preliminary injunction. On March 7, 1969, we signed the following order:
«* *
“It is hereby ordered that a Writ of Mandamus issue herein commanding the Honorable J. Adolph Menuet, Judge of the Twenty-Third Judicial District Court, Parish of Assümption, to grant forthwith a devolutive appeal to defendants from his judgment of February 7, 1969, ordering a preliminary injunction in this matter, returnable in accordance with law.
(( * *
On April 8, 1969, defendants presented the Trial Court with a petition for devolutive appeal, which was granted on April 10, 1969.
On the basis of LSA-C.C.P. Article 3612, which requires that appeals from orders or judgments relating to preliminary injunctions be perfected within 15 days from the date of the order or judgment, plaintiffs-appellee move dismissal of the appeal. Their contention is that defendants-appellant were required to apply to the trial *501 court for their appeal within 15 days of the date of the writ of mandamus. Failure by defendants to apply for an appeal for 32 days, plaintiffs argue, resulted in their appeal being untimely and therefore unper-fected.
We find no merit in this contention. Our writ of mandamus, in. explicit terms, ordered the trial court to grant a devolu-tive appeal to defendants. This action should have been taken by the trial court on its own motion. No action on the part of the appellants was necessary. Their petition on April 8th was not required. There is no fault imputable to appellants in this matter and the appeal will not be dismissed, LSA-C.C.P. Article 2161.
Motion denied.